UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGG BLANEY,

Plaintiff,

v.

PATRICK KILLEEN and THE UNITED
STATES OF AMERICA,

Defendants.

Case No. 16-cv-12074

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

## OPINION & ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [11, 12]

### I. INTRODUCTION

This is a federal tort claims action and a *Bivens* action. In April 2016, Gregg Blaney ("Plaintiff") filed a complaint against Federal Bureau of Investigation Agent Patrick Killeen ("Agent Killeen") and the United States of America. The Complaint alleges multiple tort, criminal, and constitutional violations. This case was filed in state court, then removed to federal court. This matter is currently before the Court on Defendants' Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). All parties were represented at a hearing on October 3, 2016. For the following reasons, the Defendants' Motions to Dismiss are **GRANTED**.

## II. FACTUAL BACKGROUND

On June 6, 2012 Gregg Blaney ("Plaintiff") pled guilty to bank fraud in violation of 18 U.S.C. § 1344. *See* Compl., ECF No. 1 at 10 (Pg. ID 10). The events leading to the Plaintiff's conviction involved a mortgage fraud scheme with Plaintiff's co-defendant, Gerald Payton. *United States v. Blaney*, No. CRIM. 11-20606, 2013 WL 1688359, at *3 (E.D. Mich. Apr. 18, 2013). Eastern District of Michigan Judge Sean Cox held a Sentencing Hearing on April 17, 2013. *Id.* At the Sentencing Hearing, Plaintiff contested the Government's computation of the loss and the relevant conduct that Judge Cox should consider during sentencing. *Id.* On April 18, 2013, Judge Cox concluded that Blaney's relevant conduct involved twelve different real estate transactions and included an adjusted total loss of $801,634.48. *Id.* at *15. Judge Cox ordered thirty-seven months imprisonment, a $400,000 fine, and $801,634.48 in restitution. ECF No. 12-4. Judge Cox imposed the Judgment on April 19, 2013, but signed the Judgment on April 30, 2013. *Id.* Plaintiff appealed to the Sixth Circuit, which affirmed Judge Cox's decision. *See United States v. Blaney*, 570 F. App'x 536, 537 (6th Cir. 2014).

The Plaintiff filed the Complaint against Agent Killeen on April 18, 2016 in the Wayne County Circuit Court. *Id.* at 9 (Pg. ID 9). Agent Killeen investigated the Plaintiff and testified before the grand jury that indicted the Plaintiff. *See* ECF No. 1 at 11–12 (Pg. ID 11–12). Agent Killeen also testified at the Plaintiff's sentencing,

urging the judge to impose a lengthy sentence and providing evidence to compute restitution. *Id.*

Plaintiff alleges that Agent Killeen lied under oath to both the grand jury and to the judge. *Id.* Specifically, the Plaintiff asserts that Agent Killeen fabricated how much the Plaintiff was paid and the amount of total loss. *Id.* According to the Plaintiff, Agent Killeen fabricated or omitted facts, used fake documents, contradicted statements from bank customers, and failed to interview key informants. *Id.* Plaintiff further asserts that Judge Cox and the grand jury relied on Agent Killeen's testimony in issuing the indictment and rendering his sentence. *Id.*

On June 8, 2016, Agent Killeen removed the case to federal court. *Id.* at 1. On that same day, the United States substituted itself for Agent Killeen as Defendant for Counts II, V, VI, & VII. *See* ECF No. 3. Plaintiff advances the following claims against Agent Killeen and the United States of America: (1) criminal violations of perjury and obstruction of justice [Counts I & III]; (2) tort claims of gross negligence, negligent and intentional infliction of emotional distress, respondeat superior liability, and negligent supervision and retention [Counts II, V, VI, & VII]; and a (3) constitutional violation under the Fourth and Fourteenth Amendments [Count IV]. ECF No. 1 at 14–16 (Pg. ID 14–16).

### III. LEGAL STANDARD FOR 12(B)(1) AND 12(B)(6) MOTIONS

The Rule 12(b)(1) motion must be considered first as a Rule 12(b)(6) motion would be moot if there was no subject matter jurisdiction. *See Bell v. Hood,* 327 U.S. 678, 682 (1946). Where subject-matter jurisdiction is challenged pursuant to Fed.R.Civ.P. 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. Rule 12(b)(1) motions generally come in two varieties: factual and facial attacks. "[W]hen a court reviews a complaint under a factual attack … no presumptive truthfulness applies to the factual allegations." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). On the other hand, "[a] facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Id.*

Fed.R.Civ.P. 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations

and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## IV. ANALYSIS

In this case, the Plaintiff asserts three types of claims: tort, criminal and constitutional.

### A. Plaintiff's Tort Claims

Counts II, V, VI, and VII of the Complaint allege tort claims (gross negligence, negligent and intentional infliction of emotional distress, respondeat superior, and negligent supervision, *respectively*). Plaintiff alleges tort claims against both the United States and Agent Killeen. However, in this case, these tort claims can proceed only against the United States.

"The [Federal Tort Claims Act] FTCA authorizes suits against the United States for torts committed by government employees acting within the scope of their federal employment." 28 U.S.C. § 1346(b); *Parrett v. Se. Boll Weevil Eradication Found., Inc.*, 155 F. App'x 188, 190 (6th Cir. 2005). "In order to substitute the United States as the defendant in a FTCA case, the employee-defendant must submit a petition to the United States Attorney General requesting certification that the employee is a federal employee and that the incident in question arose within the scope of his federal employment." 28 U.S.C. § 2679(c). In this case, Agent Killeen acted within the scope of his federal employment as an FBI agent. The Government took the necessary steps to substitute the United States on behalf of Agent Killeen for the tort claims. *See* ECF No. 1 at 19–20 (Pg. ID 19–20); ECF No. 3.

When the United States is substituted as a defendant, tort claims against the United States must be exhausted and timely.  For exhaustion, the plaintiff must "present[] the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency…" 28 U.S.C. § 2675. For timeliness, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within *two years* after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401 (emphasis added). "In actions based on negligence or medical

-6-

malpractice, the Supreme Court has held that federal law controls as to when a claim accrues under the FTCA." *Chomic v. United States*, 377 F.3d 607, 610 (6th Cir. 2004). "[A] negligence or medical malpractice claim accrues within the meaning of § 2401(b) when a plaintiff knows of both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute negligence or medical malpractice." *Id.* The same standard seems to apply to intentional infliction of emotional distress claims under the FTCA. *See Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (applying federal law to determine when an intentional infliction of emotional distress claim accrued under the FTCA).

In this case, Plaintiff asserts negligence-based claims and intentional infliction of emotional distress. However, none of the Plaintiff's tort claims are properly exhausted. Plaintiff fails to demonstrate that he ever presented his claims to the appropriate federal agency (in this case, the FBI) to exhaust agency procedure. Moreover, Plaintiff's claims are not timely. Plaintiff's alleged injury is the judgment issued against him, on April 30, 2013. *See* ECF No. 1 at 10 (Pg. ID 10); ECF No. 11-4. Therefore, the Plaintiff's tort injuries accrued on April 30, 2013 and expired on April 30, 2015 under the FTCA. Plaintiff failed to meet this deadline.

In his response, the Plaintiff relies on *Hardin v. Straub*, 490 U.S. 536, 538 (1989). Plaintiff argues that "*Hardin*, supra[,] speaks to extending the [statute of

limitations] for prisoners in all civil actions." ECF No. 16 at 2. Plaintiff's reliance on *Hardin*, however, is misplaced. *Hardin* was a Michigan case that involved tolling and statute of limitations for a prisoner's constitutional claim under 42 U.S.C. § 1983. *Hardin* is not relevant to the Plaintiff's tort claims because (i) it involved a constitutional claim, not a tort claim; (ii) its holding applied to state statutes of limitations, not federal statutes of limitation; and most importantly (iii) Michigan revised the tolling statute mentioned in *Hardin* – the tolling provision on which Plaintiff relies is no longer available to prisoners. *See* Mich. Comp. Laws § 600.5851(1). Therefore, because *Hardin* does not apply and the Plaintiff's claims are neither exhausted nor timely, Plaintiff's tort claims will be barred under the FTCA.

### B. Plaintiff's Criminal Conduct Claims

Plaintiff seems to allege two criminal violations against Agent Killeen. However, private parties typically cannot initiate criminal proceedings. "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "Private citizens, whether or not they are prisoners, simply cannot compel a criminal investigation or prosecution against another." *Martin v. Koljonen*, 89 F. App'x 567, 568 (6th Cir. 2004). In this case, Counts I and III allege criminal violations of perjury and obstruction of justice. Based on *Linda R.S.* and

*Koljonen*, Counts I and III are deficient. Indeed, the Plaintiff's Response seems to withdraw those two claims. *See* Pl.'s Resp., ECF No. 15 at 7 ("Plaintiff takes no issue with the notion that private parties may not initiate criminal proceedings…[h]is reference to perjury and obstruction [of justice] was to demonstrate and make out the level of egregious conduct hereunder and nothing else.").

At the October 3rd hearing, the Plaintiff characterized Counts I and III as demonstrating gross negligence, rather than seeking to compel criminal prosecution. However, even if the Court accepted the Plaintiff's characterization, Counts I and III would still be deficient. Gross negligence against Agent Killeen amounts to a state law tort claim. As discussed above, tort suits against federal employees acting in the scope of their employment must proceed against the United States. *See* 28 U.S.C. § 2679(b)(1). Further, when the United States is substituted as a defendant, claims against the United States must be exhausted and timely. *See* 28 U.S.C. §§ 2675, 2401.   In this case, Agent Killeen's allegedly negligent actions[1] were within the scope of his employment as a federal agent and the United States substituted itself for Agent Killeen with regard to the gross negligence alleged in Counts I and III. ECF Nos. 20 and 21. Again, because the Plaintiff did not timely bring or exhaust Counts I and III, they cannot proceed as tort claims against the United States.

---

[1] The testimony Agent Killeen gave to the grand jury and at the Plaintiff's sentencing.

Therefore, relief cannot be granted on Counts I or III, whether characterized as criminal claims or tort claims. Counts I and III will be dismissed.

### C. Plaintiff's Constitutional Claims

Plaintiff's only remaining Count is a 42 U.S.C. § 1983 claim alleging Agent Killeen violated his Fourth and Fourteenth Amendments. At the outset, the Court notes that "in order to state a § 1983 claim, plaintiff must allege action under color of state law." *Lloyd v. Corr. Corp. of Am.*, 855 F. Supp. 221, 222 (W.D. Tenn. 1994) (citing *West v. Atkins*, 487 U.S. 42, 55–57 (1988)). In this case, Agent Killeen was a federal officer, enforcing federal law, and testifying before a federal grand jury in federal court. Agent Killeen acted under federal law, not state law. Therefore, Plaintiff has no claim under Section § 1983. Even if the Court ignored the fact that Agent Killeen is a federal officer, Agent Killeen would be absolutely immune from Plaintiff's Section 1983 suit. *See Rehberg v. Paulk*, 132 S. Ct. 1497, 1505 (2012) (granting law enforcement witnesses absolute immunity with respect to any Section 1983 claim based on their testimony).

Instead, the Court liberally construes the Plaintiff's Complaint as attempting to state a claim under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). *See Haines v. Kerner*, 404 U.S. 519 (1972) (holding that *pro se* complaints must be liberally construed). "A *Bivens* action is an action for damages arising out of a violation of one's federal constitutional rights by another acting under color of

-10-

federal law." *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 n. 1 (6th Cir. 2000). Even if the Court construes the Plaintiff's constitutional claim as a *Bivens* action, the claim fails for three reasons.

### i.    Heck v. Humphrey

*Heck v. Humphrey*, 512 U.S. 477 (1994) prohibits the Plaintiff from collaterally attacking his criminal conviction through this civil litigation. "In *Heck*, the Supreme Court held that a state prisoner cannot state a cognizable claim under § 1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement until such time that the conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." *Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003) (citing *Heck v. Humphrey*, 512 U.S. 486–87). The Sixth Circuit extended *Heck* to apply in *Bivens* actions. *See Robinson v. Jones*, 142 F.3d 905, 906–07 (6th Cir. 1995).

*Heck* is triggered because the Complaint seeks damages from the Plaintiff's conviction and sentence. *See* Compl.,  ECF No. 1 at 10. ("Plaintiff plead guilty to one count of bank fraud…[t]his conviction was premised solely upon the false, contrived and misleading testimony of Defendant Patrick Killeen."). Despite the language in his Complaint, Plaintiff states that *Heck* does not apply. Plaintiff argues that he only seeks relief from the restitution order and that the restitution order is

somehow distinct from his underlying conviction. Plaintiff's argument is unpersuasive.

In this case, the restitution order reflects the amount of loss from the fraudulent conduct, which Blaney plead guilty to. Twelve fraudulent real estate transactions formed the basis of the charges brought against Blaney and resulted in his conviction and ordered restitution. *United States v. Blaney*, No. CRIM. 11-20606, 2013 WL 1688359, at *2.  Indeed, at sentencing, Judge Cox noted the close link between the offense and the resulting loss, "[t]he parties agree that, because this is fraud case, under U.S.S.G. § 2B1.1., Blaney's base offense level is increased according to the amount of loss resulting from his conduct." *Id.* at * 11. Therefore, attacking the restitution order essentially attacks the lawfulness of Blaney's conviction without first having that conviction set aside. *See Lanier*, 332 F.3d at 1005. Thus, the Complaint fails to state a claim that can clear the *Heck* hurdle.

### ii.   *Failure to State a Fourth or Fourteenth Amendment Claim*

Even if *Heck* did not bar the Plaintiff's *Bivens* claim, Plaintiff fails to state a constitutional claim for relief. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In

-12-

cases where the Plaintiff is *pro se*, the Court holds the Plaintiff to "less stringent standards than formal pleading drafted by lawyers*." Haines v. Kerner*, 404 U.S. 519, 520. "Despite this, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (internal citations and quotations omitted).

In this case, the Plaintiff seems to make out several theories of liability. However, as best as the Court can tell, those theories are not rooted in the Fourth Amendment or the Fourteenth Amendment. Plaintiff's constitutional claim alleges, "[a]s a direct and proximate result of [Agent Killeen's testimony], Plaintiff was subject to great emotional pain and had entered said restitution charges against him; was deprived of liberty and otherwise damaged and humiliated and injured." The Fourth Amendment traditionally protects against unlawful searches, seizures, and other intrusions into privacy. The Fourteenth Amendment confers equal protection and due process. Plaintiff's complaint fails to link his allegations to any areas protected by the Fourth and Fourteenth Amendments. Without more, the Plaintiff's brief reference to liberty is a bare assertion of a legal conclusion. Therefore, Plaintiff's constitutional claim fails to meet federal pleading requirements.

### iii.    *Three-year Statute of Limitations*

Finally, with regard to any allegations about Agent Killeen's conduct prior to his sentencing, Plaintiff failed to timely initiate suit on his constitutional claim. The

-13-

statute of limitations for a *Bivens* action arising out of events occurring in Michigan is three years. *See Hardin v. Straub*, 490 U.S. 536, 538 (1989) (holding that for constitutional claims, courts borrow the statute of limitations from state law so long as the state law is not inconsistent with federal law); Mich. Comp. Laws Ann. § 600.5805 (specifying a three year statute of limitations to recover damages from injury not related to an assault or battery).

Blaney filed this Complaint on April 18, 2016. Part of Blaney's constitutional claim attacks Agent Killeen's grand jury testimony. The grand jury issued the indictment on May 1, 2012 – almost four years before Blaney filed the Complaint. Thus, any constitutional claim based on Agent Killeen's grand jury testimony is beyond the three-year statute of limitations. The other portion of Blaney's constitutional claim attacks Agent Killeen's testimony at the Sentencing Hearing. Although Judge Cox signed the Judgment on April 30, 2013, Agent Killeen testified on April 17, 2013 – which is three years and one day before Blaney filed this Complaint. Therefore, any constitutional claim based on Agent Killeen's sentencing testimony is likely beyond the three-year statute of limitations. Even if Blaney's constitutional claim survived the statute of limitations, it would nevertheless be barred for the reasons discussed above.

-14-

## V. CONCLUSION

Plaintiff's tort claims are statutorily barred. Plaintiff's criminal claims are not cognizable. And Plaintiff's constitutional claims are improperly plead and untimely. Because the Complaint does not sufficiently plead any cognizable claims, the Court **GRANTS** the Defendants' Motions and dismisses the Plaintiff's claims.

**SO ORDERED.**

Dated: October 17, 2016

Detroit, MI

s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 17, 2016, by electronic and/or ordinary mail.

/s/Tanya Bankston
Case Manager, (313) 234-5213