UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGG BLANEY,

    Plaintiff,

v.

PATRICK KILLEEN and THE UNITED STATES OF AMERICA,

    Defendants.

Case No. 16-cv-12074

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**OPINION & ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [25]**

**I. INTRODUCTION**

This is a federal tort claims action and a *Bivens* action. In April 2016, Gregg Blaney ("Plaintiff") filed a complaint against Federal Bureau of Investigation Agent Patrick Killeen ("Agent Killeen") and the United States of America (collectively, "Defendants"). The Complaint alleges multiple tort, criminal, and constitutional violations. In July 2016, the Defendants moved to dismiss the case. On October 24, 2016, this Court granted the Defendants' Motions to Dismiss. Presently before the Court is Plaintiff's *pro se* Reply to the Court's Opinion and Order Granting Defendant's [*sic*] Motion to Dismiss. The Court construes the Plaintiff's Reply as a Motion for Reconsideration. For the following reasons, reconsideration is DENIED.

-1-

## II. DISCUSSION

Plaintiff argues that any dismissal of his case was "plain error" for three different reasons.

*First*, the Plaintiff argues that because his Complaint was timely filed, dismissal of the case was improper. *See* ECF No. 25, p. 1 (Pg. ID 322). Plaintiff is incorrect. In this case, Plaintiff alleged seven counts against the Defendants: criminal violations [Counts I & III]; tort claims [Counts II, V, VI, & VII]; and a constitutional violation under the Fourth and Fourteenth Amendments [Count IV]. ECF No. 1, pp. 14–16 (Pg. ID 14–16). The timeliness of the Plaintiff's Complaint factored into the Court's analysis with regard to only one of Plaintiff's seven claims [Count IV]. With respect to Count IV, the Court held, "any constitutional claim based on Agent Killeen's sentencing testimony is likely beyond the three-year statute of limitations. *Even if the Blaney's constitutional claim survived the statute of limitations, it would nevertheless be barred for the reasons discussed above.*" ECF No. 23, p. 14 (Pg. ID 319) (emphasis added). In his Reply, Plaintiff argues, "[b]ut there are no reasons set forth above." ECF No. 25 at 1 (Pg. ID 322). He is mistaken. In the Court's preceding reasoning, the Court concluded that: (1) *Heck v. Humphrey* precluded Blaney's constitutional claims and (2) the Complaint fails to state a Fourth or Fourteenth Amendment claim even after the Court liberally construed Blaney's pleadings. Therefore, even if the Complaint was timely filed, dismissal of Count IV is still

proper because *Heck* precludes such collateral attack and because Plaintiff's constitutional allegations fail to meet pleading requirements.

*Second*, Plaintiff seems to argue that neither *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012) nor *Heck v. Humphrey*, 512 U.S. 477 (1994) are sufficient authority to dismiss this case. Plaintiff is incorrect.

*Rehberg v. Paulk* granted a law enforcement witness absolute immunity with respect to any Section 1983 claim based on that law enforcement witness's testimony. In this case, Plaintiff's Complaint alleges a Section 1983 claim against Agent Killeen for his witness testimony. ECF No. 1, p. 15. Therefore, if this case proceeded under Section 1983, *Rehberg* would confer absolute immunity to Agent Killeen for his witness testimony and Blaney's Section 1983 claim would fail. The Supreme Court of the United States decided *Rehberg*; thus it is binding on this Court and sufficient authority.

However, the Court recognized that the Plaintiff improperly plead the constitutional claim against Agent Killeen. Section 1983 claims can proceed only against state officers and state actions. In this case, Agent Killeen was a federal officer, enforcing federal law, and testifying before a federal grand jury in federal court. Because Agent Killeen is not a state officer and did not engage in state action, the Plaintiff's Section 1983 claim cannot proceed against him. Instead of dismissing the Plaintiff's constitutional claim as improperly plead, the Court liberally construed

the Plaintiff's constitutional claim as attempting to state a claim under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). A *Bivens* action is similar to a Section 1983 action, but a *Bivens* action proceeds against federal officers, like Agent Killeen.

Even after the Court construed the Plaintiff's constitutional claim as a *Bivens* action, the claim is nevertheless barred by the doctrine articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court of the United States prohibited a prisoner from attacking his criminal conviction through civil litigation. Later, the Sixth Circuit, which binds this Court, extended the principles of *Heck* to apply in *Bivens* actions. *See Robinson v. Jones*, 142 F.3d 905, 906–07 (6th Cir. 1995). Blaney argued that he sought relief from his restitution order and that his restitution order was distinct from his conviction. Based on that argument, Blaney urged this Court not to apply *Heck* to this case.

The Court disagreed with Blaney's reasoning. In this case, Blaney's conviction is intertwined with his restitution. The underlying bank fraud, which Blaney plead guilty to, included twelve real estate transactions. Blaney's restitution was calculated from the combined loss resulting from those twelve real estate transactions. Therefore, attacking the lawfulness of Blaney's restitution order tends to attack the lawfulness of Blaney's conviction by seeking to unravel the twelve

transactions which form the basis for his conviction. Thus, attacking Blaney's restitution order is prohibited pursuant to *Heck*.

Even if *Heck* did not bar Plaintiff's *Bivens* claim, the claim would still fail because it does not meet federal notice pleading requirements. Blaney alleged several theories of liability. However, even after the Court liberally construed Blaney's Complaint, Blaney's claims were not rooted in areas protected by the Fourth and Fourteenth Amendments. Therefore, Blaney's constitutional claim fails as a matter of poor pleading even if *Heck* does not bar the claim.

*Third*, the Plaintiff seems to argue that his case should not be dismissed because he was somehow denied his "right and day in court". *See* ECF No. 25, p. 2 (Pg. ID 323). This is untrue. Receiving an adverse ruling is different from being denied access to court. The Court held a hearing in this matter on October 3, 2016. Not only was Blaney present, he argued on his own behalf. The Court read, listened, and considered each argument presented to it. However, in adherence to federal law, the Court must dismiss Blaney's claims. Therefore, Blaney was not denied his "day in court".

## V. Conclusion

For the reasons discussed above, reconsideration is DENIED.

SO ORDERED.

-6-

Dated: November 9, 2016

Detroit, MI

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 9, 2016, by electronic and/or ordinary mail.

/s/Tanya Bankston
Case Manager, (313) 234-5213